IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40888
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS EMILIO SANTIAGO-SIFUENTES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-00-CR-235-1
--------------------
April 12, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:*

Luis Emilio Santiago-Sifuentes ("Santiago") appeals his guilty-plea conviction and 70-month prison sentence for illegal reentry into the United States after having been previously convicted and deported for the "aggravated felony" of possession with intent to distribute cocaine.  8 U.S.C. §§ 1326(b)(2) and 1101(a)(43)(C).  Santiago contends that his indictment was defective because it did not allege his prior-felony conviction and because it did not allege any general intent.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Santiago concedes that, under <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998), a prior felony is a sentencing factor and not an element of the offense that must be alleged in an indictment and proved to a jury beyond a reasonable doubt. He raises the issue only to preserve it for possible Supreme Court review. Because <u>Almendarez-Torres</u> remains controlling authority, Santiago is not entitled to relief on the prior-conviction issue.

Santiago contends that his indictment should have been dismissed because it failed to allege any general intent to enter the United States. Santiago did not challenge the indictment in the district court; therefore, it is construed in favor of validity unless it was so defective that, by any reasonable construction, it failed to charge the offense of conviction. <u>United States v. Threadgill</u>, 172 F.3d 357, 373 (5th Cir.), <u>cert. denied</u>, 528 U.S. 871 (1999). Santiago's indictment "fairly imported that his reentry was a voluntary act" and satisfied the constitutional requirements of a valid indictment. <u>United States v. Guzman-Ocampo</u>, 236 F.3d 233, 236, 239 & n.13 (5th Cir. 2000).

Santiago's conviction and sentence are AFFIRMED.